FILED

DEC 2 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>NATALIE AMANDA CAUDEL,<br><br>Defendant - Appellant. | No. 13-50625<br><br>D.C. No. 3:11-cr-03320-JAH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Natalie Amanda Caudel appeals from the district court's judgment and

challenges the 18-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Caudel first contends that the district court procedurally erred by failing to explain the sentence adequately and to address her mitigating arguments. Contrary to Caudel's argument, we review these claims for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 n.3 (9th Cir. 2010), but even under a de novo standard, Caudel's claims fail. The record reflects that the district court considered Caudel's arguments for a below-Guidelines sentence, but did not find them persuasive; to the contrary, the court concluded that a high-end sentence was warranted because Caudel violated supervised release despite the court's previous acts of leniency. This explanation, while brief, was legally sufficient. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Caudel next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Caudel's sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of circumstances, including Caudel's significant breach of the court's trust. *See id.*; *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, the court may sanction the violator for her breach of trust.)

**AFFIRMED.**

13-50625